RECEIVED
IN LAKE CHARLES, LA
DEC 14 2016
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE CO. | * | CIVIL ACTION NO. 2:16-CV-00912 |
| v. | * | |
| | * | JUDGE MINALDI |
| ZADECK ENERGY GROUP, INC. | * | |
| | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 7) filed by the defendant Zadeck Energy Group Inc. (Zadeck), a Response (Rec. Doc. 9) filed by the plaintiff Admiral Insurance Co. (Admiral), and a Reply (Rec. Doc. 11) filed by Zadeck. Admiral also filed an *ex parte* Motion for Hearing (Rec. Doc. 10). For the following reasons, Zadeck's Motion to Dismiss (Rec. Doc. 7) is **DENIED**, and the *ex parte* Motion for Hearing (Rec. Doc. 10) is **DENIED AS MOOT**.

## FACTS & PROCEDURAL HISTORY

In February 2016, Cameron Parish filed suit against Zadeck and other oil and gas companies alleging that the defendants violated the State and Local Coastal Resources Management Act of 1978 (hereinafter "the Cameron Parish suit").[1] Zadeck operated a well in the affected area from 1996 to 1998.[2] From 1996 to 2001, Zadeck was insured by Bituminous Casualty Co. (Bituminous), and from 2004-2012, Zadeck was insured by Admiral.[3]

On March 9, 2016, Zadeck tendered a demand for defense and indemnity to Admiral and Bituminous regarding the Cameron Parish suit.[4] While reserving its rights to protest coverage,

---

[1] *See Cameron v. Apache Corp. of Dela..*, 2:16-cv-00538, (W.D. La.), (Rec. Doc. 1).
[2] Tereniak Affidavit (Rec. Doc. 9-1), ¶ 7.
[3] Tereniak Affidavit (Rec. Doc. 9-1), ¶¶ 4-6.
[4] Demand Letters to Admiral and Bituminous (Rec. Doc. 9-1), Ex. 1, 2.

1

Admiral agreed to participate in the defense of the Cameron Parish suit, and Admiral and Bituminous agreed to share the costs of defending the suit.[5] Admiral then filed a complaint for declaratory judgment alleging that the Cameron Parish suit fell outside of its duty to defend based on when the policy was effective and the policy's exclusions.[6] Zadeck subsequently withdrew its tender of the suit, but Zadeck refused to promise that it would not seek defense and indemnity regarding the Cameron Parish suit in the future.[7] Zadeck then filed a Motion to Dismiss (Rec. Doc. 7) Admiral's declaratory judgment action, arguing that because it withdrew its demand for defense and indemnity, the action is moot, and the court has no subject matter jurisdiction. In its Response (Rec. Doc. 9), Admiral argues that the action is not moot because (1) the underlying Cameron Parish suit is still active, (2) Zadeck or Bituminous, as a subrogee, may reassert a claim for defense and indemnity at any time, and (3) Louisiana law is unclear whether an insurer's duty to defend ends when the insured withdraws its tender.

## LAW & ANALYSIS

### I. Motion to Dismiss Standard

Zadeck argues that the action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the court does not have subject matter jurisdiction over a moot case.[8] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In a 12(b)(1) motion to dismiss, the plaintiff has the burden of establishing subject matter jurisdiction, and the motion

---

[5] Tereniak Affidavit (Rec. Doc. 9-1), ¶ 9.
[6] Compl. (Rec. Doc. 1).
[7] Tereniak Affidavit (Rec. Doc. 9-1), ¶¶ 10-11.
[8] Memo. in Support of Motion to Dismiss (Rec. Doc. 7-1).

2

"should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claims entitling [it] to relief." *Id.* at 286-87 (citations omitted).

To determine whether it has subject matter jurisdiction, the district court can look to "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001)). Here, because both parties have submitted evidence, the court will look to the complaint[9] and the parties' attachments to their filings.[10]

## II. Declaratory Judgment Act

Under the Declaratory Judgment Act (DJA), a court "may declare the rights of and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The DJA gives the court broad discretion to decide whether it will decline the party's request for a declaratory judgment as long as the court explains its actions. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). However, under Article III of the Constitution the court must dismiss a declaratory action that is not a case or controversy. To meet this jurisdictional threshold, the case must involve an actual controversy that is ripe and not moot. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). Here, the parties contest whether Admiral's declaratory judgment action is ripe and not moot after Zadeck withdrew its tender. However, neither party disputes that when this declaratory judgment action was filed, it was an active controversy.

---

[9] Compl. (Rec. Doc. 1).
[10] Tereniak Affidavit and attached exhibits (Rec. Doc. 9-1); Cook Affidavit (Rec. Doc. 11-1).

3

### a. Mootness

By withdrawing its tender, Zadeck argues that it has mooted the controversy. The court disagrees. "A controversy becomes moot [when], as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation." *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1048 (5th Cir. 1993) (citing *Mills v. Green*, 159 U.S. 651, 653 (1859)). A controversy is moot "when the issues presented are no longer 'live' [or when] the parties lack a legally cognizable interest in the outcome." *Id.* (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Generally, "[t]here is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred." 10B Fed. Prac. & Proc. Civ. § 2757 (4th ed.).

Under Louisiana law, "[t]he insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Arceneaux v. Amstar Corp.*, 2010-2329, p. 17 (La. 7/1/11), 66 So. 3d 438, 450 (citing *Yount v. Maisano*, 627 So.2d 148, 153 (La.1993)). This duty to defend arises when the insurer receives notice of the litigation. *Vaughn v. Franklin*, 2000-0291, p. 9 (La. App. 1 Cir. 3/28/01), 785 So. 2d 79, 86-87. The insurer cannot safely wait for the insured to demand coverage once it has notice of the suit, because the insurer may still be found liable for the defense costs from when it was notified of the action. *Id.* The insurer can terminate this obligation prospectively by getting a judicial determination, reaching the policy limits, or resolving the underlying case. 15 La. Civ. L. Treatise, Insurance Law & Practice § 7:4 (4th ed.) (citing several Louisiana court decisions).

Here, Admiral has received notice of the litigation and it concedes that based on the face of the complaint in the Cameron Parish suit and its insurance policy, it has a duty to defend. That duty was not triggered because Zadeck tendered the suit to Admiral, but rather because by

4

tendering the suit to Admiral, it gave Admiral notice of the litigation. Therefore, by withdrawing the tender without prejudice, Zadeck did not terminate Admiral's duty to defend; Zadeck communicated that it will not assert its right to have Admiral defend the suit for the time being. Both parties still have an actual legally cognizable interest in whether Admiral must defend the Cameron Parish suit. Further, all acts that would trigger the duty to defend have occurred. Therefore, the controversy is not moot.

### b. Ripeness

Zadeck also argues that declaratory action is unripe because it has not reasserted its right to have Admiral defend the suit. However, the court also finds that the controversy is ripe for a judicial determination. "In the declaratory judgement [sic] context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exits between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC.*, 322 F.3d 835, 838 (5th Cir. 2003) (citations omitted). An action that is conditional on another party invoking a right may still be ripe; "the court must assess the likelihood that the contingencies will occur and then determine, 'whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention.'" *Id.* at 840 (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir.2000)).

Whether Admiral has a duty defend Zadeck is sufficiently immediate and real because the Cameron Parish suit is still pending before this court. Additionally, at least one other party, Bituminous, may act as a subrogee and assert Zadeck's rights. Considering Bituminious is adversely affected by Zadeck withdrawing its tender, such a possibility is sufficiently imminent.

### c. Other Federal District Court Decisions

In coming to this conclusion, the court notes that while neither the Supreme Court nor the Fifth Circuit have directly addressed this issue, other federal district courts outside of the Fifth

5

Circuit have determined that a declaratory action is no longer justiciable when the insured withdraws its tender. *See, e.g., Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail*, LP, No. 11CV0336-LAB-WVG, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013); *Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 734 (N.D. Ill. 2011); *State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 106 (E.D. Pa. 1982). However, the court finds that these cases are distinguishable from the current action.

First, some of the cases found that the declaratory judgment action was moot after the underlying action had been resolved. *See, e.g.,* Sec. Nat'l Ins. Co. v. Amchin, No. CV 15-750, 2016 WL 1392258, at *6 (E.D. Pa. Apr. 7, 2016); *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail*, LP, No. 11CV0336-LAB-WVG, 2013 WL 3205345, at *1 (S.D. Cal. June 24, 2013). Here, however the underlying action is still active.

Second, some of the district courts determined a declaratory action was moot after the insured withdrew tender because the obligation to defend terminated when the insured withdrew tender. *See, e.g., Sec. Nat. Ins. Co. v. F.D.I.C.*, No. CIV.A. 13-6736, 2015 WL 1973346, at *3 (E.D. Pa. May 1, 2015) ("[U]nder the policy…[i]n the absence of an affirmative request for coverage from [the insured], [the insurer] does not have any responsibility to provide coverage."); *Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 732 (N.D. Ill. 2011) ("Illinois law supports defendants' argument that where an insured has "deactivated" an insurer with respect to a particular claim, that insurer is 'relieved of its obligation to the insured with regard to that claim.'"); *Imperium Ins. Co. v. Unigard Ins. Co.*, 16 F. Supp. 3d 1104, 1122–23 (E.D. Cal. 2014) ("Under California law, [t]he defense duty is a continuing one, arising on tender of defense.") (internal quotations and citations omitted). Yet under Louisiana

law, the duty to defend is triggered by notice of the litigation, not necessarily a tender of the suit. Therefore, the duty to defend does not terminate when the insured withdraws its tender.

Finally, some of the district courts came to the conclusion that declaratory judgment action was moot even though the controversy could become active because the insurer did not show that it would be prejudiced by the insured retendering the suit. *See, e.g., Selective Ins. Co. of S.C. v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 732 (N.D. Ill. 2011); *United States v. Wausau Chem. Corp.*, No. 87-C-919-C, 1989 WL 168839, at *4 (W.D. Wis. June 12, 1989). Conversely here, Admiral may be prejudiced by Zadeck or Bituminous asserting a right to defense in the future because under Louisiana law, the duty to defend relates back to when the insurer received notice of the litigation, not necessarily when defense was demanded. *See Vaughn v. Franklin*, 2000-0291, p. 9 (La. App. 1 Cir. 3/28/01), 785 So. 2d 79, 86-87.

## CONCLUSION

Because Zadeck did not terminate Admiral's duty to defend by withdrawing its tender without prejudice, the controversy of whether Admiral has a duty to defend is not moot. Furthermore, the controversy is ripe because the underlying action is still pending before the court, and Zadeck and/or Bituminous are sufficiently likely to assert their right to demand Admiral's defense. Therefore, the action before the court is an actual controversy and the court has subject matter jurisdiction over it. Accordingly,

**IT IS ORDERED** that Zadeck's Motion to Dismiss (Rec. Doc. 7) is **DENIED**, and the *ex parte* Motion for Hearing (Rec. Doc. 10) is **DENIED AS MOOT.**

Lake Charles, Louisiana, this 5 day of Dec_____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7